FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 01, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IRMA HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>PRIDE PACKING CO., LLC, a Washington limited liability company a/k/a Pride Packing, and JAVIER LUNA,<br><br>    Defendants. | NO. 1:18-cv-03183-SAB<br><br>**ORDER REMANDING CASE** |

    Before the Court are Defendant's Motion to Dismiss, ECF No. 8, and Plaintiff's Cross-Motion to Remand, ECF No. 11. The motions were heard without oral argument.

    Plaintiff, a Washington Resident, was a packer at Defendant Pride Packing, a Washington Corporation, located in Yakima, Washington. On August 20, 2018 she filed a suit against Pride Packing and Mr. Luna, a manager at Pride Packing, in Yakima County Superior Court. The original complaint was largely conclusory. *See* ECF No. 1 Ex. 1. Plaintiff asserted a variety of claims, relating to workplace discrimination due to an on-the-job disability, wage and hour violations, an alleged violation of Washington's Industrial Insurance Act (WIIA), intentional infliction of emotional distress, and negligent infliction of emotional distress. Plaintiff brought workplace discrimination claims under both the ADA and WLAD, leave act violations under both FMLA and the Washington State Family

**ORDER REMANDING CASE ~ 1**

Leave Act, and wage and hour claims under the Fair Labor Standards Act and Washington's Minimum Wage Act.

Defendant removed on September 18, 2018, under federal question jurisdiction for the federal claims and supplemental jurisdiction for the state claims. *Id.* Defendant filed a motion to dismiss under FRCP 12(b)(6) on November 26, 2018, arguing that Plaintiff's complaint consisted of conclusory allegations that fall short of the pleading standard set by *Twombly* and *Iqbal.* ECF No. 8.

Plaintiff filed a First Amended Complaint (FAC) on December 13, 2018, which removed the federal claims and provided more details regarding the factual basis for her claims. ECF No. 10. The same day Plaintiff filed a response to the Motion to Dismiss which included a Cross-Motion to Remand. ECF No. 11. Defendant opposes the Cross-Motion for Remand. ECF No. 12.

## DISCUSSION

The jurisdictional grant in the supplemental jurisdiction statute potentially confers jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the statute also provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if … (3) the district court has dismissed all claims over which it has original jurisdiction…." *Id.* § 1367(c). The Court is being called upon to decide the validity of several state and common law claims despite the dismissal of all claims giving it federal question jurisdiction.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). On its face, those factors

\\

**ORDER REMANDING CASE ~ 2**

support remand. This case is very early in the pleading stages and there is no indication that this Court is more convenient or fair than state court.

Defendant's main argument for why the Court should retain jurisdiction has to do with allegations that Plaintiff engaged in "manipulative tactics." ECF No. 12 at 9. Plaintiff and Defendant exchanged emails in early November, in which Defendant expressed confusion about the case due to the lack of facts pled in the original Complaint. *See* ECF No. 13, Simpson Decl., Ex. A (Appx. 1). Plaintiff responded that she was not planning to file an Amended Complaint clarifying her claims, and that instead she wanted Pride Packing to file an answer to the Complaint. Defendant then filed its motion to dismiss, on November 26, and Plaintiff filed the FAC and cross-motion to remand on December 13. Defendant also argues that Plaintiff engaged in "forum shopping" by failing to more expeditiously drop the federal claims once Defendant removed the action.

The Ninth Circuit held in *Baddie v. Berkeley Farms* that a plaintiff who initially filed in state court and, with all due speed after removal dismissed their federal claims and moved for remand, did not engage in "manipulative" conduct. 64 F.3d 487, 491 (9th Cir. 1995) Rather, the Court found "[t]here was nothing manipulative about that straight-forward tactical decision." *Id.* In *Baddie*, the Plaintiff filed its FAC and motion to remand less than a month after removal. *Baddie v. Berkeley Farms, Inc.*, No. C-93-2379 VRW, 1993 WL 317306, at *1 (N.D. Cal. Aug. 18, 1993), *rev'd*, 64 F.3d 487 (9th Cir. 1995). Here, the FAC and cross-motion were filed three months after removal. Further, they were filed less than three weeks after the motion to dismiss.

While the negotiations included as Appendix 1 to Mr. Simpson's Declaration do suggest that Plaintiff originally planned to stand on the original complaint, they did not involve any discussion of dropping the federal claims and remanding. It seems that after reading the motion to dismiss and considering the *Twombly* pleading standards, Plaintiff made a permissible and "straight-forward

**ORDER REMANDING CASE** - 3

tactical decision" to remove the federal claims. *See Baddie*, 64 F.3d at 491. Once "the federal question, like Elvis, had left the building," the Plaintiff was entitled to remand of the pendant state claims. *Araya v. JPMorgan Chase Bank, N.A.*, 775 F.3d 409, 419 (D.C. Cir. 2014). Thus, this Court **GRANTS** the Cross-Motion to Remand, which renders the Motion to Dismiss moot.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss, ECF No. 8, is **DENIED as moot**.

2. Plaintiff's Motion to Remand, ECF No. 11, is **GRANTED**.

3. The above-captioned case is **REMANDED** to Yakima County Superior Court.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** this file.

**DATED** this 1st day of February 2019.



Stanley A. Bastian
United States District Judge